UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| WILLIAM ARNOLD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:10-CV-187 SNLJ |
| ROD HOELSCHER, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 action was brought by plaintiff against defendant Missouri State Fire Division and its employee, defendant Rod Hoelscher. Plaintiff claims that defendants deprived him of his rights secured by the United States Constitution when they arrested, incarcerated, and prosecuted him on charges that he had burned down his own home. Plaintiff also bring state-law claims against the defendants based on the same conduct.

This matter is before the Court on defendants' motion to dismiss, filed January 13, 2011 (#9). Responsive memoranda have been filed, and this matter is now ripe for disposition.

**I.     Background**

According to the complaint, the plaintiff's home burned on May 24, 2009 Stoddard County, Missouri. The Stoddard County Sheriff's Department contacted defendant Missouri State Fire Division to conduct an investigation, and defendant Hoelscher arrived on the scene that same day to conduct the investigation. Hoelscher's investigation included taking samples from the burned area, which were sent to the state crime laboratory, and which were found to contain no ignitable liquids. (Plaintiff does not state when the laboratory results were made available.)

Hoelscher also spoke with two individuals who allegedly implicated plaintiff as having caused the fire. Defendant then signed a complaint against plaintiff, who was arrested and charged with the Class C felony of arson in the second degree and Class B felony of theft/stealing. Plaintiff's bond was set at $250,000 cash. Plaintiff alleges that his insurance carrier conducted its own investigation and determined that the fire was not an arson. Plaintiff also alleges that he submitted to and passed a polygraph test to show that he was not responsible for the burning of his house.

Plaintiff's case was transferred to Cape Girardeau County, Missouri. The prosecuting attorney of Stoddard County withdrew; then the case was transferred to the Attorney General for the State of Missouri. The Attorney General then dismissed the charges. In the meantime, however, plaintiff alleges that he was incarcerated from August 18, 2009 until December 14, 2009. Plaintiff alleges that his arrest and incarceration were effected without probable cause, reasonable suspicion, or any other basis or justification, and he claims he was damaged by suffering loss of freedom, injury to reputation, emotional distress, and loss of income.

## II.     Legal Standard

Defendants move to dismiss plaintiff's 42 U.S.C. § 1983 claim for lack of subject matter jurisdiction and for failure to state a claim under Federal Rules of Civil 12(b)(1) and 12(b)(6), respectively.

The same standard governs motions to dismiss under both Rules 12(b)(1) and 12(b)(6). *Vankempen v. McDonnell Douglas Corp.*, 923 F. Supp. 146, 147 (E.D. Mo. 1996) (citing *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir. 1980)).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010)

3

(quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). Finally, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950). With these principles in mind, the Court turns to the discussion.

## III. Discussion

Defendants contend that plaintiff's suit should be dismissed because the Missouri Division of Fire Safety and Hoelscher, in his official capacity, are immune from suit under the Eleventh Amendment, and because plaintiff fails to state a claim against Hoelscher.

### A. Claims Against the State and State Official in His Official Capacity

Under the Eleventh Amendment, damages are not recoverable against the State or state officials acting in their official capacities. *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1989). Plaintiff seeks money damages from the defendants. The Missouri Division of Fire Safety is an agency of the State of Missouri, and is thus immune from suit, so claims against it will be dismissed. The plaintiff's claims against defendant Hoelscher in his official capacity will also be dismissed.

### B. Claims Against Defendant Hoelscher in His Individual Capacity

Defendants argue that plaintiff fails to state a claim against defendant Hoelscher in his individual capacity because (1) plaintiff has not alleged that Hoelscher was directly responsible

for the alleged deprivation of his rights, and (2) Hoelscher is entitled to absolute immunity for the conduct alleged.

"In order to establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Clark v. Long,* 255 F.3d 555, 559 (8th Cir. 2001) (quoting *Butler v. Dowd,* 979 F.2d 661, 669 (8th Cir. 1992). In civil rights actions under Section 1983, "defendants are liable for their personal acts only." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Here, the only alleged acts in which defendant Hoelscher was personally involved were conducting the investigation and signing a complaint against plaintiff. Hoelscher is not alleged to have arrested plaintiff, incarcerated plaintiff, or prosecuted plaintiff --- those are the acts which are alleged to have caused plaintiff's injuries. Plaintiff's allegation that Hoelscher "signed a complaint" which resulted in his arrest, without more, does not provide the necessary nexus between act and injury because an independent entity chose to arrest and prosecute plaintiff. *See Ames v. United States*, 600 F.2d 183, 185 (8th Cir. 1979).

Because plaintiff has not alleged sufficiently Hoelscher's personal involvement in the constitutional deprivations, he has not stated a claim against Hoelscher. The Court therefore need not reach the issue of Hoelscher's qualified immunity argument.

### C.     State Law Claims

Finally, the Court declines to exercise pendant jurisdiction over the remaining state law claims.

**IV.     Conclusion**

The entirety of plaintiff's complaint is dismissed, and judgment will be entered in favor of the defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' Motion to Dismiss, filed January 13, 2011 (#9), is **GRANTED**; the plaintiff's federal claim (Count I) is dismissed with prejudice, and the plaintiff's state claims (Counts II-IV) are dismissed without prejudice.

**IT IS FINALLY ORDERED** that judgment is hereby entered in favor of the defendants.

Dated this   30th   day of March, 2011.

                                                                                                    _/s/ Stephen N. Limbaugh, Jr._
                                                                                                    UNITED STATES DISTRICT JUDGE